Filed 4/17/25  P. v. Thompson CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B338012 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. TA154305 |
| v. | |
| COURVOISIER THOMPSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

A February 2022 information charged Courvoisier Thompson with the following counts:  1) felony evasion of police;

2) possession of a firearm by a felon; 3) attempted murder of Houston Holley; 4) attempted murder of Tyrese Lewis; 5) attempted murder of Robert Hawkins; 6) attempted murder of Logan Pugh; 7) attempted murder of Romece Wilson; 8) attempted murder of Luis Medina; 9) shooting an occupied motor vehicle; 10) shooting an inhabited dwelling; 11) possession of a firearm by a felon; and 12) unlawful possession of ammunition.

The information also alleged Thompson personally used a firearm in connection with counts three through eight.

Michael R. Balmer represented Thompson at the trial court for over a year.

On Balmer's advice, Thompson pleaded no contest to counts one, two, three, five, seven, and eight. He admitted the firearm allegation. And he affirmed his understanding that he could face a term of life imprisonment if he lost at trial, and was agreeing to a 30-year determinate sentence as part of the plea agreement. In exchange for Thompson's plea, the prosecutor dismissed the remaining counts and allegations.

The court accepted Thompson's plea and set a date for Thompson's sentencing.

Before Thompson's sentencing hearing, the court relieved Balmer of his duty, and appointed Nicholas Okorocha to represent Thompson.

Through Okorocha, Thompson filed a motion to withdraw his plea, claiming Balmer had told him he would only serve six years of his sentence and that he was "left ignorant of the true consequences of his plea." Thompson also claimed Balmer never visited him while in custody, never showed him the surveillance footage related to his case, and never provided him with any discovery before he accepted the plea deal.

At the hearing on Thompson's motion, Balmer testified that he never told Thompson he would only serve six years. According to Balmer, Thompson never expressed confusion about the plea deal, and appeared to understand Thompson's advice. Balmer admitted he did not personally visit Thompson in custody, but stated he sent his investigator James Gollaz four or five times to visit Thompson, and that he spoke to Thompson "[b]etween half a dozen and a dozen" times about the case. Balmer also stated he was not able to give Thompson digital copies of discovery, but that he and Gollaz explained all the evidence to Thompson. Thompson actively participated in his defense, giving Balmer and Gollaz the names of witnesses who could testify on his behalf or who knew information that might help.

After hearing argument from counsel, the court denied Thompson's motion. The court sentenced Thompson to a 30-year term of imprisonment in accordance with the negotiated plea.

Thompson appealed, and we appointed counsel to represent him. Counsel filed a *Wende* brief. Thompson submitted a supplemental brief, claiming ineffective assistance of counsel, and asserting a litany of accusations against Okorocha and Balmer. However, Thompson fails to meet his burden of demonstrating trial court error because he does not present authority or cogent argument in support of his claims. (See *People v. Barnett* (1998) 17 Cal.4th 1044, 1107, fn.37 ["As this contention is perfunctorily asserted without any analysis or argument in support, we reject it as not properly raised"].)

We have examined the entire record of the proceedings and are satisfied Thompson's attorney complied with his responsibilities and no arguable issues exist. (See *Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


                                        WILEY, J.


We concur:



STRATTON, P. J.




VIRAMONTES, J.


4